1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CEDRIC L. DANIELS,**<br><br>                              Petitioner,<br><br>          **v.**<br><br><br>**DAVE DAVEY, Warden,**<br><br>                              Respondent. | Case No. 1:15-cv-01211 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT MOTION TO STAY PETITION FOR WRIT OF HABEAS CORPUS**<br><br> **[Doc. 2]**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

        Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        Petitioner was convicted of two counts of first degree robbery and one count of assault with a firearm and sentenced to an indeterminate term of thirty-five (35) years to life. He appealed his conviction to the California Court of Appeal, Fifth Appellate District and to the California Supreme Court. The state courts affirmed the judgment to the above referenced counts. People v. Daniels, 2014 Cal. App. Unpub. LEXIS 2564 (Cal. App. 2014); People v. Daniels, 2014 Cal. LEXIS 4911 (Cal. 2014). Petitioner presented 14 claims for relief in his direct appeal.

1

On August 5, 2015, Petitioner filed the instant petition and a motion to stay the proceedings while he sought to exhaust three additional claims for prosecutorial misconduct and ineffective assistance of counsel. (Mot. to Stay, ECF No. 2.) Petitioner requests the Court stay his petition while he proceeds to attempt to exhaust his claims in state court. For the reasons explained below, Petitioner's motion to stay must be granted.

## I.      LEGAL STANDARD

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L. Ed. 2d 379 (1982); 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). The Ninth Circuit has found that "'a motion to stay and abey section 2254 proceedings' to exhaust claims 'is generally (but not always) dispositive of the unexhausted claims,'" and that Magistrate judge must present findings and recommendations to a District Court Judge, rather than rule on the motion. Bastidas v. Chappell, 791 F.3d 1155, 1163 (9th Cir. 2015); Mitchell v. Valenzuela, 791 F.3d 1166, 1173-74 (9th Cir. 2015).

## II.      ANALYSIS

Petitioner has requested to stay this case and hold it in abeyance to allow him to attempt to exhaust three claims not previously presented on direct appeal in state court. (See ECF No. 2.) From Petitioner's motion and petition for writ of habeas corpus it appears that Petitioner has filed a petition with the Stanislaus County Superior Court in an attempt to exhaust his state court remedies with regard to the three claims that were not presented on direct appeal.

A court may stay a petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), or Rhines v. Weber, 544 U.S. 269, 125 S. Ct.

1  1528, 161 L. Ed. 2d 440 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

2  Kelly and Rhines set out different procedures and requirements for imposing a stay.

3  Under Kelly, the petitioner amends his petition to delete any unexhausted claims. The

4  court then stays and holds in abeyance the amended, fully exhausted petition, allowing

5  the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Id.

6  (citing Kelly, 315 F.3d at 1070-71.) Later, the petitioner amends his petition to add the

7  newly-exhausted claims to the original petition. Id. Under Rhines, a petitioner must meet

8  three pre-conditions for a stay of a mixed petition: (1) a finding of good cause for

9  petitioner's failure to exhaust all his claims before filing his habeas action; (2) a finding

10  that the unexhausted claims are potentially meritorious; and (3) no indication that the

11  petitioner engaged in intentionally dilatory tactics. Rhines, 544 U.S. at 278. If all three

12  preconditions exist, the court should stay the habeas case and hold it in abeyance,

13  leaving the mixed petition intact while the petitioner returns to state court to present his

14  unexhausted claims.

15       Rhines does not go into detail as to what constitutes good cause for failure to

16  exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the

17  test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe,

18  425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the

19  standard is more generous than the showing needed for "cause" to excuse a procedural

20  default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (applying

21  the Supreme Court's mandate on remand). This view finds support in Pace v.

22  DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L. Ed. 2d 669 (2005), where the

23  Supreme Court acknowledged that a petitioner's "reasonable confusion" about the

24  timeliness of his federal petition would generally constitute good cause for his failure to

25  exhaust state remedies before filing his federal petition. 544 U.S. at 416-17.

26       However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit

27  ruled that petitioner did not show good cause by arguing that he was "under the

28  impression" that his counsel had raised all claims before the state court of appeal.

1   Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that

2   argument "would render stay-and-abey orders routine" and "would run afoul of Rhines

3   and its instruction that district courts should only stay mixed petitions in 'limited

4   circumstances.'" Wooten, 540 F.3d at 1024.

5        Petitioner has presented no information why he could not have continued to

6   proceed to exhaust his state claims before filing this petition.  This Court is bound to find

7   that he has not shown good cause for a stay under Rhines. However, the Kelly

8   procedure, which has remained available even after the Supreme Court's ruling in

9   Rhines, does not require a showing of good cause. King, 564 F.3d at 1140. The Court

10  must still deny a request for a stay and abeyance under Kelly if the new claims are

11  facially without merit and therefore cannot be added to the existing habeas petition after

12  they are exhausted in state court. King, 564 F.3d at 1141.

13       The Court finds that Petitioner's unexhausted claims – prosecutorial misconduct

14  and ineffective assistance of counsel - present, at this stage, facially meritorious claims.

15  Under the Kelly procedure, Petitioner should have the opportunity to file an amended

16  petition that does not include unexhausted claims.[1] If he does so, the Court will impose a

17  stay to allow him to exhaust the claims in state court. If he chooses not to amend his

18  petition, the Court will deny his motion to stay and dismiss the petition without prejudice

19  for failure to exhaust all claims, with leave to file an amended petition. See Anthony v.

20  Cambra, 236 F.3d 568, 574 (9th Cir. 2000). Petitioner is forewarned that such a

21  dismissal may adversely affect the timeliness of the petition in relation to the one year

22  statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

23       As Petitioner may be able to exhaust his claim and subsequently add it to the

24

25       [1] The Court admonishes Petitioner to familiarize himself with Local Rule 220, which governs the

26  amendment of pleadings. If he chooses to file an amended complaint, the Court will examine it according
    to the same screening standards that applied to his original petition. In addition, Petitioner is informed that
    the Court cannot refer to a prior pleading in order to make Petitioner's amended petition complete. Local

27  Rule 220 requires that an amended pleading be complete in itself, without reference to any prior pleading.
    See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (As general rule, an amended complaint or petition

28  supersedes the original.).

4

petition through amendment, the Court will stay the proceedings under <u>Kelly</u>. The Court declines at this time to decide if the claim, once exhausted, can properly be added to the federal petition within AEDPA's one year limitation period. However, after Petitioner amends his petition to add any newly exhausted claims, Respondent will be given an opportunity to challenge the timeliness of the claims asserted in the amended petition.

## III.     **RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that the motion to stay the petition for writ of habeas corpus be GRANTED pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2002) and <u>King v. Ryan</u>, 564 F.3d 1133 (9th Cir. 2009).

Further, the Court ORDERS the Clerk of Court to assign a District Court Judge to the present matter.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    September 22, 2015            /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE